Mark HESS, Plaintiff,

v.

RESORT AIR, INC., d/b/a Trans World Express, Defendant.

No. 87–734C(A).

United States District Court, E.D. Missouri, E.D.

Feb. 3, 1988.

Earl B. Wilburn, Nancy M. Watkins, St. Louis, Mo., for plaintiff.

James N. Foster, Jr., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

This case was tried to the Court and involves an unlawful discharge claim brought pursuant to the Railway Labor Act, 45 U.S.C. Sections 151, et seq. Plaintiff was employed by defendant to work as a ramp agent. He was dismissed from employment on April 17, 1987. Prior to that time, Teamsters Local Union No. 618 attempted to organize a unit of fleet service agents employed by the defendant. Plaintiff was eligible for inclusion in this unit. Plaintiff testified that toward the end of March, 1987, he signed a union authorization card indicating his support for union representation. In the meantime, defendant received word from its insurance carrier that several of defendant's employees would have their insurance coverage revoked due to their unacceptable driving records. Defendant undertook to change the duties of those employees to eliminate their need for automobile liability insurance. Defendant did not, however, relocate plaintiff because there were no openings requiring plaintiff's qualifications. There had been an opening available, but it was filled by an employee with more seniority than plaintiff.

At trial, plaintiff claims he was not discharged from employment due to an unacceptable driving record. He alleged, rather, that the real reason he was discharged was because defendant was aware of plaintiff's union support and wished to curtail union activity. Defendant contends that plaintiff was discharged for just cause because his duties as a ramp agent necessitated driving, but insurance coverage could not be obtained by the defendant covering the plaintiff. Plaintiff has asked this Court to reinstate him to his former position, and additionally, to award him damages.

After having considered the pleadings, the testimony of the witnesses, and the documents in evidence, this Court hereby makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1) This Court has jurisdiction of this case pursuant to the Railway Labor Act, 45 U.S.C. §§ 151, et seq.

2) Plaintiff is a former "employee" of defendant within the meaning of Section 1 of the Railway Labor Act, 45 U.S.C. § 151.

3) Defendant is a corporation doing business in St. Louis County, Missouri. Defendant is a "carrier" engaged in interstate commerce pursuant to Section 1 of the Railway Labor Act, 45 U.S.C. § 151.

4) Automotive, Petroleum and Allied Industries Employees Union No. 618 (hereinafter the Union) is an unincorporated labor organization affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, with its principal place of business in St. Louis, Missouri. The Union is a "representative" within the meaning of Section 1 of the Railway Labor Act, 45 U.S.C. § 151.

5) Plaintiff was employed by defendant on December 18, 1986, as a ramp agent at the facility in Peoria, Illinois. He worked in that capacity until his discharge on April 17, 1987.

6) Plaintiff's employment duties required him to operate a motor vehicle.

7) When plaintiff was hired by defendant, he knew that he needed a driving record acceptable to defendant's insurance carrier.

8) A condition of continued employment as a ramp agent is an employee's insurability as determined by defendant's insurance carrier.

9) Defendant's insurance carrier informed defendant that plaintiff and several other of defendant's employees were no longer eligible for continued coverage.

10) The other individuals who were ineligible for continued insurance coverage were no longer working as ramp agents, due to job assignment changes or voluntary resignation. Plaintiff was still employed as a ramp agent.

11) Prior to April 17, 1987, the Union attempted to organize certain of defendant's employees, including plaintiff, in a unit of employees known as fleet service agents. Plaintiff testified that he signed a union authorization card expressing his approval of union organization.

## CONCLUSIONS OF LAW

This action was brought pursuant to the Railway Labor Act, 45 U.S.C. § 151 et seq. The determination of whether an employer has engaged in wrongful discharge under the Railway Labor Act has been held to the same standard imposed by the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (3). *Roscello v. Southwest Air-Lines Company,* 726 F.2d 217 (5th Cir.1984); *Conrad v. Delta Airlines, Inc.,* 494 F.2d 914 (7th Cir.1974). The burden of proof is on the discharged employee.

■ Plaintiff must establish that defendant had knowledge of plaintiff's union activity. *Independent Gravel Co. v. NLRB,* 566 F.2d 1091 (8th Cir.1977). Plaintiff testified that he signed an authorization card expressing his approval of union activity. He claimed his superiors were aware that he signed this card. The card was not introduced into evidence. Defendant testified to a complete lack of knowledge that plaintiff was engaged in pro-union activity.

Nothing in the record indicates pro-union sentiments or activity on the part of plaintiff. This Court finds no basis on which to draw a conclusion that defendant was aware that plaintiff supported union organization of the fleet service agents in defendant's employ.

■ It is clear from the testimony that the position of ramp agent requires the employee to utilize driving skills. Consequently, procurement of liability insurance for the employee was inevitably necessary. Defendant's insurance carrier based its decision to discontinue insurance coverage as to plaintiff after it reviewed plaintiff's driving record. His driving record evidenced a history of speeding violations which the insurance carrier found to be unacceptable. The insurance carrier informed defendant that unless plaintiff was relieved of any driving duties, then defendant's insurance policy would be revoked. At trial, defendant established a pattern for discharging uninsurable employees. There is no requirement for an employer to retain uninsurable employees, thereby risking the loss of its insurance coverage.

Accordingly, the Court finds that judgment will be granted in favor of defendant.

The clerk of the Court will prepare and enter the proper judgment in accordance with the findings of this Court.